UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ERIC J. LESANE,

Plaintiff,

-against-

DEPUTY WARDEN JONES, IN CHARGE OF G.R.V.C.
BING AREAS, DEPUTY DIAZ OF G.R.V.C., OFFICER
SANCHEZ #18617, 7 – 3 INTAKE OFFICER PART OF
PROBE TEAM, OFFICER K. HARRIS #15449, 2 –
BUILDING ESCORT OFFICER, OFFICER VILLETTE,
YARD OFFICER MORNING TOUR, CAPTAIN CORT,
3 – 7 TOUR AREA CAPT. FOR 2 – BLOCK, OFFICER
NIEVES #4508, 3 – 7 TOUR INTAKE OFFICER, PART OF
PROBE TEAM, INTAKE PROBE TEAM CAPTAIN
"JANE DOE," BLACK FEMALE ON THAT DAY, 3 –
7 TOUR, WARDEN SHAW OF G.R.V.C.,
DEPARTMENT OF CORRECTIONS,

Defendants.

-------------------------------------------------------------------X

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT DEPUTY
WARDEN JOSEPH JONES**

08 CV 3990 (RMB) (KNF)
JURY TRIAL DEMANDED

Defendant Deputy Warden Joseph Jones ("Jones"), by his attorney, Kenneth V.

Gomez, for his answer to the Complaint, respectfully alleges as follows:

1.    Denies the allegations set forth in paragraph "I" of the Complaint, except admit that plaintiff purports to name the party Deputy Warden Joseph Jones to this action as stated therein, and state, upon information and belief, that plaintiff is currently incarcerated at Rikers Island.

2.    Denies the allegations set forth in paragraph "II-A" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

3.    Denies the allegations set forth in paragraph "II-B" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

4.    Denies the allegations set forth in paragraph "II-C" of the complaint, except admit that plaintiff purports to proceed as stated therein.

5.    Denies the allegations set forth in paragraph "II-D" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(1)" of the Complaint.[2]

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(2)" of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(3)" of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(4)" of the Complaint.

---

[2] For the Court's convenience, defendant has numbered the handwritten pages to which plaintiff refers in paragraph "II-D" of the complaint and which are attached to the complaint. I have attached a copy of the complaint with those renumbered pages hereto as "Exhibit A."

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II-D(5)" of the Complaint.

11. Denies the allegations set forth in paragraph "II-D(6)" of the Complaint.

12. Denies the allegations set forth in paragraph "II-D(7)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence of an alleged videotape.

13. Denies the allegations set forth in paragraph "II-D(8)" of the Complaint, except admit that plaintiff was placed on a stretcher and state that plaintiff concedes that he refused to obey a Correction Officer's instructions.

14. Denies the allegations set forth in paragraph "II-D(9)" of the Complaint.

15. Denies the allegations set forth in paragraph "II-D(10)" of the Complaint.

16. Denies the allegations set forth in paragraph "II-D(11)" of the Complaint.

17. Denies the allegations set forth in paragraph "II-D(12)" of the Complaint, except admits striking the plaintiff after the plaintiff cursed and spit upon Jones, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any letters plaintiff may have written to Warden Shaw, and admits that plaintiff was handcuffed.

18. Denies the allegations set forth in paragraph "II-D(13)" of the Complaint.

19. Denies the allegations set forth in paragraph "II-D(14)" of the Complaint.

20.     Denies the allegations set forth in paragraph "II-D(15)" of the Complaint.

21.     Denies the allegations set forth in paragraph "II-D(16)" of the Complaint.

22.     Denies the allegations set forth in paragraph "II-D(17)" of the Complaint.

23.     Denies the allegations set forth in paragraph "II-D(18)" of the Complaint, except state that plaintiff concedes that he told medical staff he was "alright."

24.     Denies the allegations set forth in paragraph "II-D(19)" of the Complaint.

25.     Denies the allegations set forth in paragraph "II-D(20)" of the Complaint.

26.     Denies the allegations set forth in paragraph "II-D(21)" of the Complaint.

27.     Denies the allegations set forth in paragraph "II-D(22)" of the Complaint.

28.     Paragraph "II-D(23)" of the Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendant denies.

29.     Denies the allegations set forth in paragraph "II-D(24)" of the complaint, except admits that plaintiff purports to proceed as stated therein.

30.     Denies the allegations set forth in paragraph "III" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any alleged photographs or alleged medical treatment and/or examinations, and admits that plaintiff purports to claim injuries as stated therein.

4

31.    Denies the allegations set forth in paragraph "IV" of the Complaint and all of its subparts, except denies knowledge or information sufficient to form a belief concerning who, if anyone, plaintiff allegedly informed regarding his claims, admits that there is grievance procedure at Rikers Island, and states that plaintiff concedes that he did not file a grievance in connection with the events described in the complaint.

32.    Denies the allegations set forth in paragraph "V" of the Complaint, except admits that the plaintiff purports to seek relief as stated therein.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the Complaint and all of its subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

34.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

35.    Defendant Jones has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

36.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the defendant Jones.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

37.     At all times relevant to the acts alleged in the Complaint, defendant Jones acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

38.     This action may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

39.     Defendant Jones has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

## AS **AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

40.     Plaintiff provoked any incident involving defendant Jones.

## AS **AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

41.     Plaintiff may have failed to comply with the provisions of New York

General Municipal Law § 50-e and § 50-i.

## AS **AND FOR A NINTH AFFIRMATIVE DEFENSE:**

42.     Plaintiff may not have exhausted all administrative remedies available to

him.

## **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

43.     Defendant Jones' conduct was justified and in accordance with Penal

Law §35.10(2) and Correction Law 137(5).

**WHEREFORE,** defendant Deputy Warden Joseph Jones requests judgment

dismissing the Complaint in its entirety, together with the costs and disbursements of this

action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 12, 2008

Law Offices of Kenneth V. Gomez
Attorney for Defendant
Deputy Warden Joseph Jones
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 953-3500

By: _____
    Kenneth V. Gomez (KG-4620)

To:    Mr. Brian Francolla
         Assistant Corporation Counsel
         Special Federal Litigation Division
         100 Church Street
         New York, NY 10007

         Mr. Eric J. Lesane
         Plaintiff Pro Se
         9th Floor Side
         Punitive Segregation
         DIN #
         Manhattan Detention
         Complex 125 White St.
         New York, New York 10013

## DECLARATION OF SERVICE BY MAIL

I, Kenneth V. Gomez, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 12, 2008, I served the annexed **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT DEPUTY WARDEN JOSEPH JONES,** upon the *pro se* plaintiff and the attorney for the City of New York herein, by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository opposite 600 Third Avenue, in the Borough of Manhattan, City of New York, directed to the persons and addresses set forth below, being the addresses designated by plaintiff and counsel for that purpose:

Mr. Eric J. Lesane
Plaintiff Pro Se
9th Floor Side
Punitive Segregation
DIN #
Manhattan Detention Complex
125 White Street
New York, New York 10013

Mr. Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, NY 10007

Dated:  New York, New York
        August 12, 2008

KENNETH V. GOMEZ (KG-4620)

**08 CV 3990**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_ERIC J. LESANE_

**LOCAL RULE 33.2**

(In the space above enter the full name(s) of the plaintiff(s).)

# 2

v.

Defendant No. 1 _DEPUTY WARDEN JONES, in Charge of GRVC gang areas_

Defendant No. 2 _DEPUTY DIAZ OF GRVC_

Defendant No. 3 _OFFICER SANCHEZ #18617 7-3 INTAKE OFFICER PART OF PROBE TEAM_

Defendant No. 4 _OFFICER K. HARRIS #15449, 2-B building escort officer_

Defendant No. 5 _OFFICER VILLETTE, YARD OFFICER MORNING TOUR. "SEE ATTACHMENT "_

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ✓ No ___
(check one)

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _ERIC J LESANE_
ID # _241-05-17065_
Current Institution _1600 HAZEN STREET, E. Elmhurst OBCC_
Address _1600 HAZEN ST. E. Elmhurst, NY 11370_

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

1

RECEIVED
MAR 28 2008
PRO SE OFFICE

DEFENDANT NO. 6  Captain Carr. 3-7 tour
Area Capt. for 2-15/00 10

DEFENDANT NO. 7 Officer Nieves #4505
3-7 tour Intake Officer
Part of probe team.

DEFENDANT NO. 8  Intake probe team Captain "Jane Doe"
Black female on that day
3-7 tour.

DEFENDANT NO. 9  Warden Shaw of GRVC

DEFENDANT NO. 10  Department of Corrections

Defendant No. 1    Name _Deputy WARDEN JONES_ Shield #_____
Where Currently Employed _G . R . V . C_
Address _09 . 09 HAZEN STREET. E. Elmhurst_
_New York 11370_

Defendant No. 2    Name _Deputy DIAZ_ Shield #_____
Where Currently Employed _(G . R . V . C) George R. Vierno Cente._
Address _09 . 09 HAZEN STREET, E. Elmhurst_
_New York 11370_

Defendant No. 3    Name _OFFICER SANCHEZ_ Shield # _18617_
Where Currently Employed _(G . R . V . C) George R. Vierno Center_
Address _09 . 09 HAZEN STREET. E. Elmhurst_
_New York, 11370_

Defendant No. 4    Name _OFFICER R. HARRIS_ Shield # _15449_
Where Currently Employed _(G . R . V . C) George R. Vierno Cent'r_
Address _09 . 09 HAZEN STREET. E. Elmhurst_
_New York, 11370_

Defendant No. 5    Name _OFFICER VILLETTE_ Shield #_____
Where Currently Employed _(G . R . V . C) George R. Vierno Center_
Address _09 . 09 HAZEN STREET. E. Elmhurst_
_New York 11370_
"SEE ATTACHMENT"

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _Rikers Island_
_George R. Vierno Center 2 Block yard, Hall, medical office -N-_
_housing unit._

B.    Where in the institution did the events giving rise to your claim(s) occur? _In THE_
_2-Block, Between yard deck, Hall, Medical office and A-side_
_housing area #5 Cell_

C.    What date and approximate time did the events giving rise to your claim(s) occur? _THE_
_incident took place F4 11th of march, 2008, 7 - 3 tour_

2

1. Parties in this Complaint: Attachment, B.

DEFENDANT NO. 6   CAPTAIN CENT
                  George R. Vierno Center
                  09 09 HAZEN STREET
                  E. Elmhurst, NY 11370

DEFENDANT NO. 7   OFFICER NIEVES #4508
                  George R. Vierno Center
                  09 09 HAZEN STREET
                  E. Elmhurst, NY 11370

DEFENDANT NO. 8   CAPTAIN JANE DOE 3-7 TOUR SUPVR 3/14/08
                  George R. Vierno Center
                  09.09 HAZEN STREET
                  E. Elmhurst, NY 11370

DEFENDANT NO. 9   WARDEN SHAW OF GRVC
                  George R. Vierno Center
                  09 09 HAZEN STREET
                  E. Elmhurst, NY 11370

DEFENDANT NO. 10  DEPARTMENT OF CORRECTIONS
                  RIKERS ISLAND
                  16-16 HAZEN STREET
                  E. Elmhurst, NY 11370

D.   Facts: _____

**What happened to you?**

PLEASE SEE MY 11 PAGE ATTACHED STATEMENT ALONG WITH THE NAMS OF TWO WITNESSES AND THEIR (1) PAGE STATEMENTS GIVING ALL THE FACTS ASKED IN THIS SECTION

**Who did what?**

ALSO A LETTER 2 PAGE FROM MY LAWYER. TOTAL OF 13 PAGE'S ATTACHED

**Was anyone else involved?**

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I RECIEVED BLACK-N-BLUE MARKS TO BOTH SIDES OF MY FACE, ARMS, LEGS, BACK AND BUTT-N-STILL SUFFER PAINS TO MY BACK --- BUTT. I ALSO HAVE CUTS TO THE WRISTS FROM THE CUFFS. PHOTOS OF ALL WERE TAKEN BY THE I.G AND B.O.C OFFICE. I'M STILL AWAITING EX-RAYS TWO WEEK NEAR LATER.

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes X     No ____

3

II. Statement of Claim pt. D

12th of March. 2008

1) On the 11th of March, 2008, approx. between 07:30 hrs - 09:30 hrs, at C.N.C, ConCentration Camp, 2 Block housing Station yard. I was outside in Rock. I banged on the Gate to go back inside my housing unit to my Cell 705 to (1) observe the Searching of my Cell and (2) because I was Cold and didn't have the proper Clothen to Stay outside.

2) At Some point officer "Villette" along with a female (Black) officer Came out to See why I was banging and I informed them of the above and that I requested to Speak to an area Captain which should of been on post because of two reasons (1) I'm a C.N.C inmate and (two), to observe the area in progress as a overseen area Captain I was denyed."

3) After a few words with C.O Villette and another officer route to Cookhat see, he stated that "he was going to fuck me up" and that "it Seem that he has a problem with the 3 Cells in 2 Block" And I believe he said that because he Just Beat up the Guy in 5 Cell on the B-side of 2 Block a week or two eelyer in the Same area as he told me (You) in to shut

4) After they Escorted the other 3 inmates into the housing area on the A Side. they Came out Side

Three deep of officers and asked me if I was Ready (3 male CO's) AT that time I requested a Captain which Came moments later. I informed Capt. Curt that the officers threating to unlawfully Cause harm to me and that I wanted them to get the video Cam. to Escort me back to my cell. This Request was denyed"

5) The officers left and than "vilette" and "Harris" Came and asked me if I was Coming in. I than said yes! AT this time they said "were not even going to Cuff you - you know what to do" (please Check the out side 2-Block video D.V.R. as proof that I was not Cuffed like the Rules state they do) I Enter the building to the blind spot in which they use to violate me and other prisoners. when I

p2811 get between the yard door and housing Area door I was jumped by being punched and kicked by these two officers and then Cuffed"

6) After, I was brought in the Hall of 2-Block at the A-side door -n- B-side door and placed on the floor. The probe team Came and they brought me to my feet. At this time I tryed to go to my cell in fear of going to intake and beating once more. They than draged me out the housing unit

7) On the way to intake I gave no problem until A Call Came over the radio stating to bring me back to 2-Block. I was by the mail room and out of fear of being unlawfully beating I asked the two escorting officers to take me to medical and or, Intake so I Can atleast be around other people and they Said they Cant be Cause of orders (Check the video recorder D.V.R by the mail room as proof) they didn't even understand why I was ordered back to 2-Block, we stood in the hall for about 2 mins and At that moment I knew and anticipated on getting assaulted again because it didn't make Any Sense logically to go back.

8) I refuse to go back and was put on the stretcher and rolled back to the hall by the [illegible] in 2-Block.

p 3 of 11

9) When I got back the probe team was still in the area and then Dept Jhaner, Dept Diaz, Intake Capt. Female Singh and A number of officers who there. I was brought off video to the mini-medical office and a doctor Came and asked me questions about injurys I may have. I Said my Already broken Arm hurted and I had injury to my SACK and I wanted x-rays.

10) Dept. Thones told the "Female doctor" that nothing was wrong with me and she left and if nothing was documented, Dept. Thone was behind the falsifying of the medical report." denying me medical treatment which is my right under the laws set from the Board of Correction Minimum Standard rights section 302, subdivision (b) 3 and 4.

11) Dept. Thones, Dept. Doe and all the officers there also violated my Eighth Amendment Constitution Right and state law because they knew of and disregarded a risk to my well being which is a breach of the Duand of Care, Custody and Control because the overseer officials that govern me, purposely, allowed me to go without necessary medical treatment.

p.4 & 11   They knew I experienced chronic and substantial pain from the use of force. These are officials who with no medical training, ignored my injuries and the nurse recommendation in bring me to the main medical main area intake. This is violation of my minimum standard rights Sec. 4.01 non-discriminatory treatment. This is Deliberate Indifference and unimpul misconducts unbecoming an officer!! No other way to define it!!!

12) After the female Doctor left the housing area I was put back on the stretcher and rolled to my housing area. while being escorted by a number of officers, I had words with Dept. Thane. He stated that if I kept talking "he was going to knock my teeth out my mouth." I told him to "Kiss my ASS." At which time while hand cuffed behind my back with a cast on my right arm, feet shackled and a number of officers holding me down FACE DOWN, on the stretcher, he with a close fist punched me in the face over 13 times at which time I stop counting and it continued until Dept. Diaz told him to "Chill, there's a recorder in the Area." Just to add, these are "VETERANS" of D.O.C who are promoting these unlawful misconducts and unnecessary hostile abuses to me and other Inmates who also have high ranks within the department and have knowledge of the Rules, Rights and laws, who know whats right and wrong. But unfortunately I was deprived of my rights not only as a senior, but a human being and without sympathy the assault didn't cease. There was NO REASON for me to be assaulted by this man, more so because I could not pose a threat, to my self, another prisoner nor any staff. not even if I wish because I was being held by a number of officers, face down

D 5 of 11

on a stretcher, Captain Manor -- keys removing my back, therefore I was incapable of posing a treat nor the blatant use of unnecessary Excessive force for no other reason than to extract revenge. This is a tragedy, that has paralysis me mentally -- Emotionally, and the performance of these people are unacceptable and I'm perplexed they'll ever get better because I've personally wrote the warden "Stern" a number of times, informing him of the conducts taken place at C.N.V.C. which he is in command of (I have copies) therefore I feel he not only contributes to these actions, but also promote and sponsors them by turning an blind eye to my crys for reform and help.

13) AFTER DEPT. DENT STATED that there was a D.V.R.
pg 11 in the area, DEPT. THORN ordered the two officers now holding me to bring me off video into the mini medical room. I tried to not go but was over powered and forced to comply.

14) When I was forced into the mini medical office, off of any video recording systems, I was bent over by my arms, bent over my body, Lt. Dix forcing my body to bend -- Lieutenant Dix then said Dept. Thorn said lock back shut!", Kiss your ass? then he pulled down my pants.

(5)

At this time, the big Spanish officer with the
built than that wears inflate who was escorting
me, I believe his inmate starts with the letter N,"
said Dept Jones, This one night," and to chill out
Dept Jones and Dept Diaz told him to just hold
me, said with my hands in the Air, "ow" they started
to beat with Excessive Dept Jones told him why
No one tells anyone, And Thats when I started
to feel punches --- kicks on my head, Back, Butt, I am
my face.

Then it stop and I notice Dept Diaz moving
this Dept Jones close and poke me in my Butt with
Some thing, Clit Thats when I think it was mental and
he said again "Kiss your Ass" then he beat me with
it then I Started feeling him punch me again and
it Continue for about another minute, minute in
a half while say all kinds of things in a huge.
I would like to add that this man touching
my self was unnecessary and a form of Sexually
Assaulting me. Also that [an] officer Spanish
on while that was holding me on the Shoulder hit
his Arm beating me in my ribs very hard and
I think but I'm not sure his the one who
grabbed my Balls so hard that I Started to pass out
from the pain also a Sexually assault. whats up
with this people Assulting my private parts!!!

(6)

AFTER this, Dept. Jones said "you want some?"
"Who want some" But I dont know who he was
talking to. But I started to get hit some more and
the whole time my cries to stop were IGNORED.

17) I knew for a fact I was assaulted by at
least five of the officers in that room, and
there were a number of officers from the probe
team and housing area out side the office on-
looking and did or said nothing to stop this
unjustifiable, unlawful misconduct unbecoming
officer. Except the Big Spanish officer and the
"Smithy" the white escorting officer for 2 Building.
Everyone else looked on, Captain Cent, the Black
probe team Female Captain and the rest of the C.Os
2 8 of.11  there. Even the officers in the A-Station Bubble
knew what was taken place.

18) Dept. Jones told "N" to put me on the floor, and
he said "That's Enough" and after that someone
said "Chill", the Doctor is coming, Dept. Jones
said "Dont say nothing" and then Dept. Diaz said
"please say something" The Doctor came in and
I said I was alright, I just wanted to go to
my PH, this was because I FEARED I would
have the Beating continued and may even get
killed, the way things were going.

19) I Chose to be Smart and yield to his ORDER not to say Nothing in order to protect my wellbeing or be Humilated by these Chaotic misconducts. If I had unviled at that time what was taken place I may be dead or in worse Condition than I am in at this very moment which is bad Enough.

20) When the Doctor left I was stood up and told "Good bitch" by Dept. Diaz. no, it was by Dept Jones. At this the Craziest thing happen Dept. Jones Started looking around the room, asking people "did they see me spit on him?" we all looked at him like he was Crazy. than he asked again and I believe we all got the point and a few of them had the nerve to say they saw this. I NEVER - AT NO TIME spit on this MAN!! I wouldn't have any teeth in my mouth!! I request that what EVER he said I spit on be Check through the "Chain of Custody" for my "D.N.A" because if I spited on him, my D.N.A would be in whatever he said I spited on. Bottom line This is a flat out false statement and ly in ORDER to Cover up and or Justify there assault which has NO merit what-so-EVER!!

21) At this point I just wish this would end
cause I had Enough and couldn't take no more
and my prayer was half way Answered. I was
ordered to say nothing and go to my cell. They
started to take me to my cell. once in my cell
all the cuffs where taken off and once again
Dept. Jones walked up to me and had some-
thing to say he stated "heres your chance" I
just stood there looking at him. he said I
knew you were pussy and smacked the shit out
me and my neighbor started kicking and banging
on his wall and he told he say something to him
I was ordered to sit down and my door close
and then it was over.

22) Total. I was assaulted four (4) different
times the housing officers told me I couldn't
get the phone on orders of the Dept (Jones) So I
just sat on my bed and looked at my injuries.

23) My Eighth Amendment prohibits the unnecessary
and wanton infliction of pain.

The Department staff is suppost to protect me
from this type of treatment. The Constitution Requires
prison and jail officials to provide "reasonable
safety" for prisoners. They suppost to protect me from
assault by other inmates as well as from assault
from staff and from unreasonably hot temps.

living and working Conditions. And must refrain from Subjecting them (MCI) to the unnecessary and Excessive use of force.

you Can See Case law Countryman v. County of Winnebago. 90 Ill. Dec. 344, 135 Ill. App. 384, 481 N.E 2d. 1255, 1261 (Ill. App. 1985)

24) Needless to Say, I WANT AND DEMAND All parties that Assaulted me be ARRESTED and dismissed from their duties in the Department of Correction At once. I Do intend on filing Suit and will be Contacting the news to unveil the unlawful, unjustifible ABUSE'S, improper performance and Conducts that happen to me and others I know about and Can and will prove.

I Anticipat on hearing Something very Seen from who EVER just read this NOTICE of Corruption AT this Facility.

P.II of II

I Thank you for your time.

NOTES
1 "N" = C.O NIEVES #4508
2 Fat Spanish = C.O SANCHEZ
3 K. HARRIS #15449 #18617

A prisoner but still human,

Eric [signature]

ERIC LESANE
241 05 17665
MARCH 12th 2008.

On march 11, 2008 on 7-3 tour while in yard my neighbor Eric Lesane was trying to go into the house area 2 Black - A Side. So he search and before that because he was cold he started banging on the yard gate to get the C.O. to come out to bring him in. C.O. Vilette came out and told Lesane to stop banging then went inside again. Lesane started banging and kicking the gate again then C.O. Vilette came back out with C.O. Harris and said if he keep banging they was going to fuck him up. Then Lesane said get him a captain. Then C.O. Vilette told him he knows what to do when they bring him out the cage and to keep it gansta and dont say nothing.

moments later I was escorted back inside to my cell. The next time I saw Lesane he was being brought back to his cell by C.O. Jones and a few officers. I think they hit him in his cell also because I heard a loud sound that sound like a smack or something and one of the officers say if he said anything hes done.

Benjamin Pedroza
241 97 01671
2 Black A Side
6 Cell

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _X_    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know _X_

If YES, which claim(s)? _____

D.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____    No ____    Do Not Know _X_

If YES, which claim(s)? _____

E.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____    No _X_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No _X_

F.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____ _N/A_ _____

1.    Which claim(s) in this complaint did you grieve? _____ _N/A_ _____

2.    What was the result, if any? _____ _N/A_ _____

_____

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _NONE, GRIEVANCE AT THE JAIL wont handle any issue of prisoners that I.G and/or, Any other out side departments are looking into._

_____

_____

4

G.  If you did not file a grievance, did you inform any officials of your claim(s)?

Yes __X__  No ____

1.  If YES, whom did you inform and when did you inform them? _The Board of Corrections, I.G, My lawyer, Robert T. Johnson Bronx D.A office. The Commissioner Martin F. Horn office, the prisoner rights project not lawyer._

2.  If NO, why not? _____

_____

_____

_____

_____

I.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _Please Note, At George R. Vierno Center, Assault is a non-grievable issue. Also I contacted the I.G office and Members of the Board of Corr. along with the Warden "Shaw" of the facility — the Commissioner himself was giving Notice to look into the incident in which Dept. Warden Jones was Dismissed from his duties for the time being because the unlawful assault was caught on video by the A.v. 12_

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies. → _SEE ATTACHMENT_

V.  Relief:

State what you want the court to do for you. _I'm filing Suit on the whole Department of Corrections Along with the officer's that Assaulted me, on — — off video recordings, and the officers who stood by and did Nothing and on, tryed to cover up these unlawful misconducts unbecoming an officer And for the threats, And Depriving me from my right to Medical Treatment, All breaches of the Creed of Care Custody and Control for the Dismissal of their Jobs and Fifty Million Dollars $50.000.000 Not including court lawyer, Medical, ect fees._

_I also request Another $10 Million for the Mental -Nd Emotional Damage — Suffering me — my family Are force to endure behind these Officers misconducts_

VI.  Previous lawsuits:

On these claims

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____  No __X__

5

NOTE; I.G turned over the findings to the Bronx District Attorneys Office due to the finding of a crime took place on the Correctional officer misconduct.

Therefore I.G nor any Grievance Comp Ans cant handle any of the matters surrounding the facts of this Issue.

## IV Exhaustion of Administrative Remedies

(2 page Document.)

# PAPA, DePAOLA and BROUNSTEIN

*Attorneys at Law*

42-40 Bell Boulevard
Bayside, New York 11361
Suite 500

———————

(718) 281-4000
FAX (718) 281-4030

John P. Papa
John R. DePaola
Steven L. Brounstein

Madeline M. Wrzesc
Legal Assistant

------------------------------------

John Kouroupas, Associate

March 14, 2008

VIA FACSIMILE 212-266-1219
<u>& REGULAR MAIL</u>
Commissioner of Corrections
Martin F. Horn
60 Hudson Street, 6th Floor
New York, New York 10013

      Re:  Inmate, Eric LaSane
          Board Case # ███████

Dear Corrections Commissioner Horn:

   I write concerning the brutal attack on my client by City of New York corrections officers allegedly caught on surveillance tape.

   I have been informed by my client's mother, a City of New York teacher, that her son, while in handcuff's was stomped, kicked and punched by over a dozen correction officers. If these allegations are true these so called officers are nothing but thugs and cowards to brutalize an inmate while he is rear handcuffed and defenseless.

   I have represented Mr. LaSane since December of 2005 through his mistrial in March of 2007 (where corrections officers took bets on whether he would be convicted or acquitted) through his last trial in November/December of 2007 where he was acquitted. I have seen first hand while visiting Mr. LaSane at Riker's Island the animus shown by correction officers and the disparaging comments correction officers have made to me concerning Mr. LaSane (namely, he is a trouble maker, wise guy, gang thug, has attitude problems not conducive to an inmate at Riker's Island etc.).

While Mr. LaSane may not be a model citizen or inmate he still has a right to his safety and not be attacked while in handcuffs and substantially defenseless. I request he be put in protective custody until his injuries heal or after I meet with Mr. LaSane which will hopefully be today.

I have contacted the Bronx District Attorney's office and have requested that they launch a criminal investigation into the allegations I have set forth above.

Please take notice that if Mr. LaSane is not protected from criminal elements of the City of New York Corrections Department this will be deemed to be deliberate indifference on your part and subject you to a lawsuit pursuant to 42 USC §1983 and the common law of the State of New York.

Please call me if you have any further questions.

Very truly yours,
PAPA, DEPAOLA AND BROUNSTEIN

By: JOHN R. DEPAOLA

JRD/ys

cc:
VIA FACSIMILE 718-590-6477
& REGULAR MAIL
Robert T. Johnson, Bronx District Attorney
Renne Montminy, Assistant District Attorney
Re: Eric LaSane at OBCC
Inmate # ████████
198 East 161st Street
Bronx, New York 10451

VIA FACSIMILE 212-266-1219
& REGULAR MAIL
Judith LaPook
60 Hudson Street, 6th Floor
New York, New York 10013

REGULAR MAIL
Ms. Alex Fisher, Esq.
60 Hudson Street, 6th Floor
New York, New York 10013

B.   If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.   Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____

_____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes ____  No ____

If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**On other claims**

D.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes _____  No _____

E.   If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.   Parties to this previous lawsuit:

Plaintiff _Eric Loshane_____

Defendants _Department of Corr. Comeyn --- Capt. Denis_____

    2.   Court (if federal court, name the district; if state court, name the county) _____

_Southern District of New York_____

    3.   Docket or Index number __07 CV 3226_____

    4.   Name of Judge assigned to your case __Hellens tein_____

    5.   Approximate date of filing lawsuit __APR. 19th 2007_____

    6.   Is the case still pending?  Yes _X_  No ____  as far as I know.

If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

Signed this 27 day of _MARCH_, 20_08_. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff    _E-C Lee_

Inmate Number    _241 08 17065_

Mailing address    _RIKERS ISLAND O.B.C.C_
_1600 HAZEN ST._
_E. ELMHURST, N.Y 11370_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 27 day of _March_, 20_08_, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _E-C Lee_

rev. 09/04

7